A case on the afternoon of 5-17-0170, As-IS Properites, Ltd. v. Street I'm ready, Your Honor. Okay, you may proceed. Good afternoon. Please, the Court. Court and Counsel. My name is Steve Walters. I represent As-IS Properties, the appellant. This case comes from Saline County. I won't go over all the facts. A couple issues we have. Just briefly on the facts. The property was sold at a tax sale. The property owners did not redeem it within a statutory period of time. They filed a motion for the court to use its equitable powers to extend the period of redemption. The court granted that. So the issue is, did the trial court abuse their equitable powers in extending the statutory period of redemption? And also, did they err by not expunging that redemption that happened after the statutory period? There's only a couple facts that I think are really relevant in this case. One, that it was not redeemed in the statutory period of time. And two, more importantly, is that the Saline County clerk, that's where you pay your delinquent taxes, did not issue any type of erroneous information to the property owners that prevented them from redeeming their property in the statutory period of time. What happened, Counsel? Go ahead. The owners, they had some confusion. Is that what's in the record? That is, it's in the record that I think they stated that they misread the notice that they received. Actually, when the tax sale process starts, you receive, when the tax bills first come out, you receive a notice from the treasurer saying that they're not paid by a certain date. They're going to be advertised for sale in the paper. That notice is certified. Then it goes in the paper, and then you have the sale. Then after the sale, the tax buyer sends what they call a 22-5 notice that says you have two and a half years to redeem your taxes. That's certified mail. The tax buyer gives that to the county clerk, and they mail it out. Then when you file your petition for the tax fee, then you have more notices that go out. I think that's the notice they're saying they misread. That notice is sent out in the statute. You have to make that notice exactly as it says in the statute. I think it's 2210. That notice is sent by the sheriff, and also the circuit clerk mails that. Certified. Now, that notice that they misread, it says in there three different times when the end of redemption is. It also does have the court date. But after that, it says you can appear at court, but your time to have redeemed will have already passed at that time. So what did they not understand? I think their argument is they thought they had until the court date to pay. Even though it says you don't. Even though it says you don't, three times. So at the time your client appears in court, no tax fee, no petition, correct? That's correct. And there seems to be some case law that deals with an error when somebody relies on an error prior to the issuance of a tax fee. That's correct. That the court removes that error. Could you repeat that last part? It seems that there's some case law that says that if the individual relied on an error, the county clerk told them the wrong amount, for example, in that case, then the court can use its unquotable powers prior to the issuance of the tax fee. Do you agree with that? That's correct. But here there's no error. Here there's no error. What's the difference? Well, I think the difference is, you know, if I call the Saline County clerk and they tell me I have until next Friday to pay when actually I only have until this Friday to pay, you know, by the time next Friday comes around, what are my options? My time has expired. You know, I relied on that erroneous information from the county clerk to my detriment. But here your clients have the alleged no error. Not my clients. Their clients. Oh, their clients. Yeah. I'm making the argument. I'm sorry. I got two errors. Right. I represent the taxpayer. And that's why I'm saying if there was an error, we wouldn't be here. No, but my question to you was correct in that if a court can use its equitable powers before the issuance of the tax deed because there's an error, why can't the court use its equitable powers before the issuance of the tax deed as a matter of pure equity? Well, there's a case in my brief that basically equity is not allowed when there is a statutory, adequate statutory process. Okay. And I read some of your cases, but those cases seem to focus on the fact that a tax deed had issues. So you have a case that says you cannot use equity before a tax deed issues. Yes. The Z financial case says that. I'm sorry, again? The Z financial case? The Z financial case. Yeah. In that case, it was out of Chicago, there was some dispute. The tax buyer actually paid some subsequent taxes. And in one case, a few hours before the property owner did. Well, when the property owner also paid those taxes on the same day, Well, when he got the redemption amount from the county clerk, the estimate, he informed him, I also paid those taxes. There's a mistake. And the county clerk said, well, you have to pay the whole estimate, and then there's a procedure to get your refund for the money that you've already paid. Well, he didn't pay that. He went to the court or the county clerk's office on the last day and wanted to pay a lesser amount, and they refused it. Now, the trial court in that case said, But didn't the tax deed issue matter, or was that strictly an error in the redemption? Well, actually it turned out there was not an error because the tax purchaser paid it first. But the court said without an error, and the homeowner or the property owner relying on it to their detriment, they're not eligible for equitable redemption. But that's my question. Didn't the tax deed issue in that case? No, not originally, no. Okay, so because the case that cited in the application of county treasurer has very good discussion about the equitable power before the issuance of the tax deed, and I'm wondering what's the difference? Why can we have equitable use of power based on mistake and not have equitable power under a situation like this before the issuance of the tax deed? I understand about after the issuance, because you want permanency, you desire to have title, etc. I get that part. But I'm asking about before the issuance. Courts have allowed it when there's a mistake. They've only allowed it when there was a mistake on a county official. And I'm asking why. Why is there equity for that and not equity under a situation like this where you have a $1,300 tax bill and a $30,000 tax bill? Like the court did. Well, in past cases, they have not allowed that. And I guess because the tax code's purpose is to generate revenue for the taxing districts, so they have to have an incentive for the people to pay and for the tax buyers to come in. I get all of that, but I just don't understand why equity can be used where there's a mistake. And I'm only talking about before the issuance of the deed and not have equitable principle supply under other situations. I think because there's an adequate remedy at law that you don't need equitable principles because you can regain your property during the statutory period of time. Is there anything in the code that says if there's a mistake by a county official that equity or the statutory requirements don't apply? There's not a statute, but there's plenty of case law that says when a county official makes an error, wrong date, wrong amount, something along those lines, and the homeowner or property owner relies on that to their detriment and the time passes, I think in that case, equitable should apply because they... I think you get it with the requirements. I think so. That's the main thing. In this case, there was no error. Well, if there wasn't an error, it was a misunderstanding. At least that's a testimony. Well, there was no testimony, but that's their allegation. Allegation. But on the notice, it's set out by a statute. My client has to follow the statute. It's laid out there verbatim in the statute what has to be sent. So, you know, the main case was the Hawkeye case, which I just briefly talked about. The Hawkeye case is the one where the homeowner sent in the redemption amount, and it was $22 short because by the time she got the estimate, by the time she paid it, it changed for some reason. And she called the county clerk. The county clerk said, Oh, you can come in Monday. No problem. You can pay it. Friday was the last day of redeem. Shows up Monday, and then they won't accept the $23. So that's the, you know, the appellate court held in that case that she relied on erroneous information to her detriment that prevented her from redeeming the property. Now, the other main case is the Z financial case, which is kind of similar, but the property owner didn't make, didn't rely on the error, and he chose not to follow the advice of the county clerk. And the court said without an error from the county clerk and reliance to your detriment on it, equitable powers are not available. Are you talking about Hawkeye now? Well, Hawkeye Z. Hawkeye case? Well, Hawkeye N is the one where they did allow it, but there was an error. That was the $22 case, basically. And Z financial, similar case, except for there was no error, so it was not allowed. In both cases, basically. So your position is Z financial is right on point. And in fact, yes, and also that Hawkeye is on point in that if there is an error to your detriment and you rely on it, you're allowed equitable redemption. But in this case, there is no error. There was no erroneous information. They're not alleging that there was. Well, Hawkeye, you're saying, allows the error. It allows equitable redemption if the property owner relies on an erroneous statement from the county clerk's office to their detriment. And Z financial says the same thing, but in that fact scenario, there was no error. So they said without an error, without reliance, there can be no equitable redemption. So it can be written or verbal, the error? They didn't really say, I would say verbal because the Hawkeye case was verbal because the property owner called, or maybe the county clerk called her and said that you're $22 short. I think she was in California at the time. It was in Cook County. And she said, well, I'll be back Monday. And the county clerk said, that will be fine. You can come in Monday. The problem with that one was when she got the notice, it was sometime before the redemption estimate. And for some reason, it changed. It went up $22 from when she got the estimate to when she paid it. You know, the property owner makes some other arguments that the general equitable principle should apply, but the Hawkeye case does not stand for that. It just stands that you have to have erroneous information. They also make the argument that it would be inequitable for my client to get the tax fee because they paid all the taxes after the tax sale, which I cite a case in my reply brief that says that's not relevant. It doesn't matter who pays the taxes. You know, on the notice, the notice set by statute, if they misread it, it could only be because of their own negligence. I mean, we have to send out the notice as required by statute. We don't have any leeway. Thank you. So what I'm asking is for this court to overturn the order of the Slingtonic Trial Court and for a tax fee to be issued. Thank you. Okay. Mr. Watson. Thank you. May it please the court and counsel, first of all, let me apologize. I had the bad luck to catch a cold with all the side effects, including drainage, and so I may do a lot of door clearing. But anyway, your honors, let me start out and just make it clear that my clients, the Streets, are not claiming that they were misled by any error of the circuit clerk getting the wrong information, or they're not claiming that, as is, in some way did not follow proper procedure. That's not the issue here. They admittedly did not redeem the property within the statutory time. The petition they filed with the Sling County Circuit Clerk alleged that they did, in fact, receive this notice that Mrs. Street takes care of those kind of matters for the family due to some problems with Mr. Street's cognitive abilities, and that she read it and came away with the understanding that they had until September 21st, I believe it was, to redeem this property. When, in fact, that day was when the hearing on the tax deed itself was scheduled. Now, counsel would say they were... She didn't come in with the money that day, did she? No. On the September 21st? Right. No. So if she thought that that was the day that it was to be redeemed, she should have been coming with the money. Well, that was later. Between the time that she got the notice and got that impression, and before the hearing date, she did get ready to go to the courthouse to pay the taxes. She got the notice out again, looked at it again, and saw this other date, which had already passed. And she called the Sling County Clerk and said, I'm coming to pay my taxes, but I see these dates, the different dates here, and they told her your time has already passed. That's when they contacted me, and this was before the hearing date. And we filed, in fact, filed our petition for an extension of time prior to the hearing date, prior to September 21st. But anyway, what my clients are asking this court to do is to basically expand, first of all, clarify and expand the existing case law regarding when a court may exercise expectable powers to extend the statutory redemption date in a type state case. All the reported cases so far dealing with that question have the same factual pattern, whether it's an alleged error by the circuit clerk or some other official that the taxpayer relied on. There are no reported cases dealing with other situations where equity might apply, such as the case before the court today. So, yes. Mr. Wentz, what about C, financial? I think counsel misreads that. I think all that stands for is that was another case where the taxpayer was claiming that there had been an error on the part of the county clerk when, in fact, what the court decided was the taxpayer was not misled by the county clerk. The taxpayer was trying to get the county clerk to acknowledge that he had paid prior taxes and the amount was wrong, and the county clerk says, no, you've got to pay the amount based on our estimate, and he didn't do that. So the court said, you were not misled by the county clerk and you do not qualify under this equitable exception. What's the difference between that and your findings? The people in C, financial were not misled. Yours clearly were not misled. Okay. In our case, we feel there are other equitable principles that could apply. Let me just say this. In the trial court and in our brief with this court, we rely heavily on the Hawkeye case, even though it's a different factual situation. It deals with the reliance on an error by the clerk. But the way the Hawkeye court phrased the issue before him was this. The key issues we are presented with are whether the court had power to extend the statutory period of redemption under general equitable principles, and if so, whether the facts of this case warrant such an extension. Hawkeye presses us to answer both questions in the negative. We disagree on both counts, meaning that they felt that the court decided there was a power under general equitable principles. And I believe you hit the nail on the head when you asked why not other situations. Well, there are other situations. I just don't think they have been litigated and reported. You know, we would submit that the court – Well, don't you agree that there's a big difference between just outright neglect and – which, I mean, it can be inadvertent, obviously. Yeah. And equitable situation where you're actually relying on a, in this case, an arm of the judiciary. Yes, if there is, in fact, non-excusable neglect, I guess I would say. And we do not feel that's what happened here. But – and I appreciate that. Right. But, I mean, the redemption statute has to have pretty firm parameters. Otherwise, they could be litigating excusable neglect continuously. Okay. But you can't have it both ways, as counsel argues. You can't say that there is a remedy of law, and that being the redemption statute, but then say, well, you know, there's at least one exception to that, and that's the – Well, we have that in the law all the time. Okay. Well, it's unusual that there's just one exception. But, you know, I think the courts have recognized that this kind of mistake can happen. What is the standard of review? The standard of review in this case is whether or not there's been an abuse of discretion by the trial judge. And I think both sides agree that that is the standard. We cite in our brief what this court has – the Fifth District has held before in the Lusader, I guess, versus Wal-Mart stores where it said, the decision to grant or deny equitable relief is within the sound discretion of the trial court and will not be reversed by this court absent abuse of discretion. And then we cite another case as to what abuse of discretion is, People v. Coleman. A trial court abuses its discretion only where its decision is arbitrary, unreasonable, or fanciful, or where no reasonable person would take the view adopted by the trial court. We would submit that Judge Lambert's decision in the trial court was none of these. It wasn't arbitrary, unreasonable, or fanciful. And I think most reasonable people would probably agree with his decision that it was fair. So – but what we're saying is different from neglect, is that the tax system is complicated for people who are not sophisticated in that type of thing. It can be very difficult. I've been practicing law for 40 years, over 40 years now, and it never ceases to amaze me how clients can constantly misinterpret or misunderstand what I consider the most simple documents, whether it be a simple will, power of attorney, or whatever. And I think the courts have recognized this. Again, in the Hawkeye case itself, it says – there's a passage that says, Illinois policy is mindful of equitable consideration when taxpayers may fall prey to the complexities of the taxing system. It's not referring to this notice per se, but I think that's what happened here with my clients. They just simply – they had to read it or otherwise they wouldn't have known this date to start with. But to lose their house because they didn't fully understand what they read is a whole different issue. And the – one of the principles, other equitable principles that we cite, is that equity affords a forfeiture. And if this isn't a forfeiture, I don't know what is, to lose your home, your $30,000 home, for over a $1,300 redemption, which they were ready and willing to pay and did pay once the court granted them the extension of the time to pay. What would their taxes have been? It was much smaller than the amount. I don't have that right before me, but it was – Much smaller than the $1,400. Yeah, part of – much of that was taxes, subsequent taxes and costs and that type of thing. Didn't they just miss like one quarter? Or was it a whole year? Yeah, they paid most of the subsequent taxes. Yeah, I mean, you pay it in two installments a year, and I think they missed one subsequent installment that paid the rest of it. So, again, we think Hawkeye does, in fact, stand for the proposition that equitable relief and extensions can't be granted on other broader equitable principles, including, as we said, avoiding a forfeiture or an equitable principle that's just referred to simply as justice. Courts do what, you know, is equitable, what's just. We cite a couple of cases in our brief for the proposition that a court of equity is governed by right and justice between the parties. A court of equity is a court of conscience who will exercise extraordinary powers only to enforce the requirements of conscience. And, again, you know, we would submit that to the trial court's decision, which allows the streets to keep their $30,000 home, allows as-is properties to get their $1,300-some-odd redemption money, was a right and just decision. It should not be overturned in that it was not abuse of discretion, that it was in keeping with general equitable principles, and that the law should be clarified to, I guess, to make that clear that there are other grounds that can be used to extend the period of redemption other than just the slim grounds of being misled by an heir of the county clerk. So we would ask that the trial court's decision be affirmed. Please court, counsel quoted a section from Hawkeye. What he quoted is true, but he didn't quote the whole sentence. The sentence goes, Illinois policy is mindful of equitable considerations when taxpayers may fall prey to the complexities of the taxing system. And that's where he stops. It goes on to say, particularly with respect to their reliance upon the conduct, advice, and guidance of appropriate employees of the tax-collecting government offices, which that would include the county clerk and the treasurer's office. The Hawkeye case also says. But it doesn't exclude. I mean, when it says particularly including. It doesn't exclude. Other equitable considerations, perhaps. Well, Hawkeye later says, despite the harsh language of the earlier cases, there's a clear modern trend of court declining to apply the redemption requirements strictly in cases involving the taxpayer's detrimental reliance on erroneous statements made by the clerk's office. But are you referring to section 22-45? No. This is 45. That's after the tax deed has been issued. Right. What section are you referring to? Because Hawkeye talks about 22-45. Yeah, they talk a lot about 22-45 because Hawkeye was trying to make the argument that post-tax deed, pre-tax deed was different, and the court basically said no, that 22-5 applies to stuff once the deed is used. But before, they could still use equitable. Right. That's what I was asking you earlier. The Hawkeye case clearly talks about the difference between pre-tax deed issuance versus post-tax deed issuance. Correct. I'm sorry if I misspoke earlier. And I cited a case that might not have been recognized as Hawkeye, but it is the Hawkeye case, the Enright County Treasurer case I was talking about. So that was my earlier question, is on these pre-tax deed cases, does the statutory language specifically say that equity cannot be exercised? No, the language does not say that. But there's a Supreme Court case I think back in the early 40s or 50s somewhere that says equitable is not available. I think it's people thing or something. I can't find it here. But we also have a long history. But then there was an amendment in 1990, and that's what Hawkeye goes into great lengths about. That's why I saw your earlier case, which I thought was unusual because it was people versus. But are we still to allow that law to apply in the 40s or 50s when we have a 1990 amendment and the legislature is presumed to know what the law has been? That's true. It is presumed. But I think the issue is. So then why is Hawkeye bad law when we talk about pre-tax deeds? I'm not saying Hawkeye is bad law. I'm saying Hawkeye only applies if you have erroneous information promulgated by the tax clerk and the property owner relies on it for their document. And they say strictly in these cases. There's a bunch of cases I cite in my brief. There was an error with the mail getting there or someone paid with a personal check and the statute says you have to have a cashier's check or a money order. The courts denied equitable redemption because there was no erroneous statement. But Hawkeye says that they agree that the statute as amended does not restrict courts' equitable powers with respect to pre-tax deed redemption but only with respect to post-tax deed redemption. That's the language that I'm looking at. And I'm trying to figure out why you would disagree with that. What's the basis for your disagreement? Well, I guess the language I'm looking at is that Hawkeye says despite the harsh language of earlier cases, talking about earlier cases where they totally denied equitable redemption, there's a clear modern trend of courts declining to apply the redemption requirements but strictly in cases involving a taxpayer's detrimental reliance on an erroneous statement. Because in that, when you have an erroneous statement and you rely on it to your detriment, by the time you realize you relied on it to your detriment, you have no other option but to use the court's equitable powers. I mean, what else do you have? The time has passed. You can't go pay it. It's already passed. But in this case, there was no error. They got the notice in May and they did nothing until October, like almost five months later. So that's why I'm asking that the order be overturned. Thank you. Okay. Thank you both. This matter will be taken under advisement and an oral issue of due course. We have one other remaining case on the docket 514-0563, which is not scheduled for oral argument. So that will conclude the docket for today, October 31, 2017. Thank you all. All rise.